THE UNITED STATES VINEGAR COMPANY, Respondent, *v.* HENRY SPAMER, Appellant.

Where, after the commencement of an action by a corporation to recover an indebtedness, it becomes insolvent and a receiver of its assets is appointed, this does not affect the right of action; this may still be asserted by it and the action continued by the receiver without any substitution, so long as there is no dissolution of the corporation by judgment of the court.

(Argued October 18, 1894; decided November 27, 1894.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made February 17, 1893, which overruled defendant's exceptions and ordered judgment in favor of plaintiff on a verdict directed by the court.

The following is the *mem.* of opinion:

"This case involves the same questions as that of the same plaintiff against Schlegel,* except that in the latter case proof was given of the plaintiff's insolvency and the appointment of a receiver, and in this case there was not. The change in the title to the assets does not affect the right of action which could still be asserted by the original plaintiff. It was not dissolved by the judgment of any court, and the receiver could continue the action without any substitution. The fact that in the other case the plaintiff gave proof which was not necessary to enable it to maintain the action, which is absent in this, can make no difference in the decision. While in the former case it was unnecessary, it was harmless, and furnished no ground for complaint to the defendant. The omission to put the same proof into this case is equally unimportant. The other questions in the record have been disposed of in the *Schlegel* case."

*Benno Loewy* for appellant.

*S. R. Ten Eyck* for respondent.

O'BRIEN, J., reads for affirmance.
All concur.
Judgment affirmed. ⸻